NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERALD E. HOLCOMB, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant-Appellee. | No. 19-17413 <br><br> D.C. No. 2:17-cv-02268-KJM-CKD <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, Chief District Judge, Presiding

Submitted December 7, 2020**
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,*** District Judge.

Jerald Holcomb appeals the district court's decision affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Commissioner of Social Security's denial of his application for supplemental security income under Title XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision de novo, *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we reverse.

1. The ALJ discredited Holcomb's symptom testimony regarding his pain, finding it not entirely consistent with the medical evidence. The ALJ had to provide clear and convincing reasons to discount Holcomb's symptom testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A "summary of medical evidence . . . is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.* at 494 (emphasis in original). Instead, the ALJ must "identify the testimony she found not credible" and "link that testimony to the particular parts of the record supporting her non-credibility determination." *Id.*

Here, the ALJ summarized Holcomb's symptom testimony in two paragraphs and determined that his symptom testimony was not "entirely consistent with the medical evidence and other evidence in the record." In support, the ALJ discussed relevant medical evidence but failed to link Holcomb's symptom testimony to specific medical records and explain why those records contradicted his symptom testimony. In fact, the ALJ never mentioned Holcomb's symptom testimony while discussing the relevant medical evidence. Though we might infer the ALJ's

reasoning by examining the weight given to particular medical evidence, we "are constrained to review the reasons the ALJ asserts," and we may not substitute our conclusions for the ALJ's or speculate as to the ALJ's reasoning. *Id.* at 492. The ALJ's failure to specify the reasons for discrediting Holcomb's symptom testimony was reversible error. *See id.* at 494 (stating that the ALJ's error was not harmless when providing only a summary of medical evidence to reject a claimant's symptom testimony).[1]

2. The ALJ also failed to make specific findings or provide germane reasons to discredit the competent lay testimony provided by Holcomb's mother. Competent lay testimony "*cannot* be disregarded without comment." *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (emphasis in original). The ALJ here summarized the testimony of Holcomb's mother, but disregarded that testimony without any comment. This was an error. *Id.*

---

[1] Further, we note that the ALJ *may* have relied on Holcomb's daily activities to discredit his symptom testimony. To the extent the ALJ did, the ALJ failed to link which daily activities were not entirely consistent with which part of Holcomb's symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (stating that the ALJ erred by "not elaborat[ing] on *which* daily activities conflicted with *which* part of Claimant's testimony"). Further, the ALJ noted that Holcomb's daily activities were consistent with the ability to perform "work activity," but the ALJ did not make the required "specific finding" that Holcomb participated in those daily activities for a "substantial part of his day." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("[I]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that *are* transferable to a work setting, a specific finding as to this fact may be sufficient to discredit an allegation of disabling excess pain.") (emphasis in original).

3.     Holcomb argues that he is entitled to a remand awarding benefits because he satisfies the three elements under this Court's "credit-as-true" standard. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). But even when the credit-as-true standard is satisfied, this Court retains "flexibility" to determine "the appropriate remedy." *Brown-Hunter*, 806 F.3d at 495. The facts in this case meet the standard allowing us to exercise our "flexibility" to remand for further proceedings. *See id.* Therefore, we reverse and remand to the district court with instructions to remand this case to the ALJ for further determinations consistent with this decision.

**REVERSED AND REMANDED**.